**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 21 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| WADE TRAVIS WEBB,<br><br>              Plaintiff-Appellant,<br><br>  v.<br><br>COUNTY OF PIMA; et al.,<br><br>            Defendants-Appellees. | No. 18-16659<br><br>D.C. No. 4:18-cv-00268-FRZ<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
Frank R. Zapata, District Judge, Presiding

Submitted February 19, 2019[**]

Before:    FERNANDEZ, SILVERMAN, and WATFORD, Circuit Judges.

    Wade Travis Webb appeals pro se from the district court's judgment

dismissing his 42 U.S.C. § 1983 action alleging due process and equal protection

claims.  We review de novo a dismissal for failure to state a claim under 28 U.S.C.

§ 1915(e)(2)(B)(ii).  *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998)

---

      [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

      [**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

(order).  We affirm.

The district court properly dismissed Webb's claims against defendants Dupnik, Nanos, Napier, and LaWall in their individual capacities because Webb failed to allege facts sufficient to show that any of these defendants personally participated in the alleged deprivations.  *See Starr v. Baca*, 652 F.3d 1202, 1207-08 (9th Cir. 2011) (elements for supervisory liability under § 1983).

The district court properly dismissed Webb's claims against defendants Pima County, and Dupnik, Nanos, Napier, and LaWall in their official capacities, because Webb failed to allege facts sufficient to show that a policy or custom of Pima County caused his alleged injury.  *See Castro v. County of Los Angeles*, 833 F.3d 1060, 1073-76 (9th Cir. 2016) (en banc) (discussing requirements to establish municipal liability under *Monell v. Department of Social Services*, 436 U.S. 658 (1978)).

The district court properly dismissed Webb's claims against defendant Castillo, the investigating officer, because Webb failed to allege facts sufficient to show he was not provided with the process he was due, or that Castillo acted with "an intent or purpose to discriminate against him based upon his membership in a protected class."  *Serrano v. Francis*, 345 F.3d 1071, 1082 (9th Cir. 2003)

18-16659

(explaining elements of an equal protection claim); *see also Ingraham v. Wright*, 430 U.S. 651, 672 (1977) (explaining the elements of a due process claim).

We lack jurisdiction to consider the district court's denial of Webb's motion for relief from a final judgment because Webb failed to file a separate or amended notice of appeal. *See* Fed. R. App. P. 4(a)(4)(B)(ii).

**AFFIRMED.**